UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC GUTMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF CHICAGO and )<br>UNKNOWN CHICAGO POLICE OFFICERS )<br>OFFICERS )<br>)<br>Defendants. ) | Case No. 08 C 380<br><br>Judge Robert M. Dow Jr.<br><br>Magistrate Judge Brown<br><br>**JURY TRIAL DEMANDED** |

## JOINT INITIAL STATUS REPORT

Plaintiff Eric Gutman, by and through his attorneys Loevy & Loevy, and Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, pursuant to this Court's case management procedures, jointly submit the following initial status report:

A.  **ATTORNEYS OF RECORD**

1. FOR PLAINTIFF:

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 N. May St.
Suite 100
Chicago, IL 60602
312-243-5900

2. FOR DEFENDANT CITY OF CHICAGO

Kenneth Charles Robling
City of Chicago
30 North LaSalle Street, Suite 1020
Chicago, IL 60602
312-744-4939

Marcela D. Sánchez
City of Chicago
30 North LaSalle Street, Suite 1020
Chicago, IL 60602
312-744-9332

**B.   BASIS FOR FEDERAL JURISDICTION**

This is an action arising under the laws of the United States with supplemental state law claims. Jurisdiction is proper under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343 for Plaintiff's federal claims and under 28 U.S.C. § 1367 for Plaintiff's state claims.

**C.   NATURE OF CLAIMS AND ANY COUNTERCLAIMS**

Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 and state law claims against the Defendant Officers alleging excessive force, unlawful detention, unreasonable search and seizure, failure to intervene in alleged violations of plaintiff's rights, assault and battery, and false imprisonment. Plaintiff also brings claims under 42 U.S.C. § 1983 against Defendant City of Chicago for its alleged policies, practices and customs of failing to adequately train, discipline and control its police officers, and under state law for *respondeat superior* and indemnification.

The Defendant City of Chicago requested from this Court an extension of time to answer Plaintiff's complaint. This Court granted the request, and the City's answer is now due on March 24, 2008.

**D.   PARTIES SERVED**

The City of Chicago has been served. The identities of the Defendant Officers are currently unknown. Counsel for the City is in the process of requesting documents that may enable the Plaintiff to identify the individual officer Defendants and amend his Complaint to name those officers. Counsel for the City have requested additional information from Plaintiff's counsel regarding the approximate time and street address of the incident alleged in the Complaint, and any identifying characteristics of the individual officer Defendants, so that the City can complete its search for documents in a manner that is reasonable and not unduly

burdensome. Counsel for the City will tender appropriate documents to Plaintiff's counsel upon receipt, subject to a protective order, if necessary.

E.  **PRINCIPAL LEGAL ISSUES**

The principal legal issues are:

(1) Did Defendant Officers violate the United States Constitution by allegedly using excessive force against Plaintiff;

(2) Did Defendant Officers violate the United States Constitution by allegedly unlawfully searching plaintiff and/or through the manner they allegedly searched Plaintiff;

(3) Did Defendant Officers violate the United States Constitution by allegedly detaining/arresting Plaintiff;

(4) Did Defendant Officers violate the United States Constitution by allegedly failing to intervene in any alleged constitutional violations by other officers;

(5) Did the Defendant Officers imprison plaintiff in violation of Illinois law;

(6) Did the Defendant Officers commit assault and battery under Illinois law;

(7) Whether Defendant City has a policy or widespread practice of failing to adequately train, discipline and control officers;

(8) Whether plaintiff was damaged by the alleged actions of the Defendant Officers and the alleged policies or practices of the City and whether plaintiff mitigated any such damages;

(9) Whether the individual defendants were employed by the City of Chicago and were acting within the scope of their employment at the time of their alleged encounters with plaintiff; and

(10)   Whether Defendant City of Chicago is liable for any alleged misconduct of Defendant Officers under Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978)?

F.   **PRINCIPAL FACTUAL ISSUES**

The principal factual issues are:

(1)   Did Defendant Officers use excessive force against Plaintiff;

(2)   Were Defendant Officers justified in using the force- if any- that they used against Plaintiff;

(3)   Did the Defendant Officers injure Plaintiff;

(4)   Did the Defendant Officers search Plaintiff;

(5)   Did the Defendant Officers have cause to search Plaintiff;

(6)   Did the Defendant Officers detain and/or arrest Plaintiff;

(7)   Did the Defendant Officers have cause to detain and/or arrest Plaintiff;

(8)   Did any comments made to Plaintiff by Defendant Officers violate Plaintiff's Constitutional rights?

(9)   Did the City of Chicago maintain policies and practices of failing to adequately train, discipline and control officers that were the "direct cause" or "moving force" behind Plaintiff's alleged constitutional injuries?

G.   **JURY TRIAL EXPECTED**

The plaintiff has requested a trial by jury.

H.   **DISCOVERY UNDERTAKEN AND ANTICIPATED**

The Defendant City of Chicago will answer Plaintiff's Complaint on or before March 24, 2008. The parties have agreed to exchange their FRCP 26(a)(1) disclosures by April 8, 2008.

Counsel for the City is searching for documents that could allow Plaintiff to identify the Defendant Officers and thus amend his Complaint, and Plaintiff's counsel has agreed to provide additional information about the incident and individual officer Defendants alleged in the Complaint so that the City's search is not unreasonable or unduly burdensome. Therefore, the parties propose to submit a discovery plan once the Defendant Officers are identified and named, so that counsel for Defendant Officers may participate in the formulation of a discovery plan. In the event that the Defendant Officers are not identified and named within the next two months, which is on or before May 12, 2008, the parties propose to formulate a discovery plan in the absence of the Defendant Officers.

**I.  TRIAL SCHEDULE**

Due to the issues detailed in the preceding section, the parties do not feel that a trial schedule is ascertainable at this time.

**J.  MAGISTRATE JUDGE**

The parties do not unanimously consent to proceed before the Magistrate Judge.

**K.  STATUS OF SETTLEMENT DISCUSSIONS**

The parties have not had any settlement discussions to date, but may be open to the possibility of discussing settlement.

**L.  SETTLEMENT CONFERENCE**

Because some Defendants have yet to be identified, the parties do not request a settlement conference at this time.

Respectfully Submitted,

| PLAINTIFF | DEFENDANT CITY OF CHICAGO |
|---|---|
| By: | |
| /s/ Samantha Liskow | /s/ Marcela D. Sánchez |
| SAMANTHA LISKOW | MARCELA D. SÁNCHEZ |
| Attorneys for Plaintiff | Attorney for Defendant City of Chicago |
| Arthur Loevy | Kenneth Charles Robling |
| Jon Loevy | Marcela D. Sánchez |
| Samantha Liskow | City of Chicago |
| Loevy & Loevy | 30 N. LaSalle Street |
| 312 North May | Chicago, Illinois 60602 |
| Suite 100 | |
| Chicago, Illinois 60607 | |

## CERTIFICATE OF FILING

I, Samantha Liskow, an attorney, certify that on March 13, 2008, I served this document by ECF electronic filing as to each party, who are represented by counsel who use electronic filing.

/s/ Samantha Liskow