IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ERIC GUTMAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CITY OF CHICAGO, and )<br>UNKNOWN CHICAGO POLICE OFFICERS, )<br>)<br>Defendants. ) | No. 08 C 380<br><br>Judge Dow<br><br>Magistrate Judge Brown |

**DEFENDANT CITY OF CHICAGO'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, opposes plaintiff's motion to file a first amended complaint to the extent plaintiff continues to name "unknown Chicago police officers" as defendants. In support, the City states as follows:

1. Plaintiff claims that, when he filed his original complaint in this case on January 18, 2008 against the City and "Unknown Chicago Police Officers," he did not know the identities of the three officer-defendants who allegedly violated his constitutional rights on October 23, 2007. On March 13, 2008, plaintiff and the City filed a joint initial status report in which plaintiff agreed to provide additional information to the City regarding the approximate time and street address of the alleged incident and certain characteristics of the three unknown officers to assist the City with its investigation into their identities. The City in turn agreed to tender to plaintiff appropriate documents that would help him identify the three unknown officers.

2. On March 25, 2008, plaintiff's counsel contacted counsel for the City with additional information about the unknown officers. Specifically, plaintiff's counsel provided the

City with a copy of a statement plaintiff gave to the Chicago Police Department's Office of Professional Standards ("OPS") dated October 24, 2007, the day after the alleged incident. In this statement, plaintiff states that the names of the police officers involved were "Martinez," "Sgt. Greco," and "'Sabriarinet' or something similar."

3. On April 4, 2008, after conducting its own investigation into the identities of the unknown officers, counsel for the City provided plaintiff's counsel with a CPD document that revealed the identities of the three individual officers who had contact with plaintiff on October 23, 2007 as Officer Richard Sanabria, Officer Jose Martinez and Sergeant Philip Greco, Jr. See CPD Contact Card attached hereto as Exhibit A.

4. Despite the fact that plaintiff alleges wrongdoing in his proposed first amended complaint only against three defendant officers, and the fact that the City has tendered documents to plaintiff revealing the identity of those officers that coincides with plaintiff's own statement to OPS, plaintiff attempts to continue to pursue claims in his first amended complaint against "Unknown Chicago Police Officers." This Court should reject this attempt as a matter of law.

5. Filing a complaint against an unnamed party is disfavored, <u>Strauss v. City of Chicago</u>, 760 F.2d 765, 770 n.6 (7th Cir. 1985), and such actions generally are allowed to proceed when "a party is ignorant of defendants' true identity" and discovery is needed to learn the defendants' identities. <u>Maclin v. Paulson</u>, 627 F.2d 83, 87 (7th Cir. 1980). Moreover, pleadings naming unknown parties "must be sufficiently detailed so as to provide notice to opposing parties of the claims against them" and allegations must be "specific enough to permit the identity of the party to be ascertained through reasonable discovery." <u>C. Hastings v. Fidelity Mortgage Decisions Corp.</u>, 984 F. Supp. 600, 605 (N.D. Ill. 1997).

6.　　If a plaintiff becomes aware of the identities of previously-unknown defendants, continuing to pursue claims against unknown defendants is improper. See, e.g., Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (noting that it is "pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . nor can it otherwise help the plaintiff") (internal citations omitted); see also Kennington v. Carter, 216 F. Supp. 2d 856, 858-59 (S.D. Ind. 2002) (dismissing unnamed officer defendants where such dismissal would not procedurally or substantively prejudice plaintiff).

7.　　Given that plaintiff has been informed of the identity of the only three officers he alleges violated his rights on October 23, 2007, plaintiff can no longer claim he is "ignorant of the defendants' true identity." As such, plaintiff has no legitimate reason for maintaining the "unknown officers" placeholder in his complaint. Allowing plaintiff to proceed against additional unknown police officers prejudices the City because the proposed first amended complaint is devoid of any allegations that put the City on notice of wrongdoing by anyone other than the three officers whom already have been identified. Further, the unknown officers themselves–if any still exist–have a right to be named as defendants as early in the litigation as possible, so that they will be able to fully participate in discovery and prepare their defenses. See generally, Kennington, 216 F. Supp. 2d at 859 ("Unrepresented, unknown defendants are unable to litigate in federal court and, therefore, should be dismissed.").

WHEREFORE, the City respectfully requests that this Court deny plaintiff leave to file a first amended complaint that continues to name unknown Chicago police officers as defendants.

Dated: April 8, 2008                              Respectfully submitted,


                                            MARA S. GEORGES
                                            Corporation Counsel of the
                                            City of Chicago

                                            By:    /s/ Marcela D. Sánchez
                                                   KENNETH C. ROBLING
                                                   MARCELA D. SÁNCHEZ
                                                   Assistants Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, IL 60602
(312) 742-0116/(312) 744-9332