IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ERIC GUTMAN, | ) |
| | ) No. 08 C 380 |
| Plaintiff, | ) |
| v. | ) Judge Dow |
| | ) |
| CITY OF CHICAGO, and | ) Magistrate Judge Brown |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT CITY OF CHICAGO'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, opposes plaintiff's second motion to file a first amended complaint solely to the extent plaintiff continues to attempt to pursue claims against any "unknown" defendants in this case. In support, the City states as follows:

1. As this Court is likely aware, the arrest from which the entirety of this action stems involves a single incident that allegedly occurred in the evening of October 23, 2007 between the plaintiff and three Chicago police officers. See Plaintiff's Complaint ¶¶ 5-15.

2. When plaintiff attempted to amend his complaint the first time, the City objected because he continued to name "Unknown Chicago Police Officers" as defendants in this action even though plaintiff had alleged wrongdoing in his proposed first amended complaint only against three defendant officers and the City had tendered documents to plaintiff revealing the identity of those three officers.[1] The City cited ample authority to support its objection that

---

[1] Indeed, plaintiff's counsel provided the City with a statement plaintiff gave to the Office of Professional Standards ("OPS") dated October 24, 2007 that demonstrates plaintiff was aware all along of the identity of the three officers whom he contends violated his constitutional rights. See City's Opposition to Plaintiff's Motion for Leave to File A First Amended Complaint

plaintiff's pursuit of claims against unknown defendants is improper once their identities are ascertained. See City's Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint ¶¶ 6-7.

3.　　In response to the City's objection, at the motion hearing before this Court on April 10, 2008, plaintiff's counsel proposed filing a different first amended complaint. That time, although plaintiff correctly dropped the "Unknown Chicago Police Officers" from the case caption, he proposed to add a "Parties" section to the amended complaint in which he stated that the City was liable for the constitutional violations of "any as-yet-unknown defendants who are agents of the City of Chicago." See Fax Dated 4/9/2008 from Plaintiff's Counsel ¶ 6, attached hereto as Exhibit A.

4.　　The City objected to that proposed amended complaint because plaintiff still continued to pursue claims against "unknown defendants," even though plaintiff's counsel was unable to articulate a good-faith basis for the allegation that any other unknown defendants in fact were involved in the single incident plaintiff alleges in his complaint. Rather, plaintiff's counsel merely speculated, without any evidentiary support, that other defendants might possibly be involved.[2]

5.　　This Court struck plaintiff's first motion for leave to file a first amended complaint without prejudice. On April 21, 2008, plaintiff filed the instant motion seeking leave to file yet another different first amended complaint. In this proposed amended complaint,

---

¶ 2. This statement mentions no wrongdoing by anyone else.

[2] The City has attempted to order a copy of the transcript of the April 10, 2008 motion hearing on an expedited basis but did not receive it in time to attach it to this response.

plaintiff incorrectly states in paragraph 6 that the City is liable "as an independent tortfeasor pursuant to Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978), for the constitutional violations of Defendants Sanabria, Martinez, and Greco, and any *as-yet-unknown* agents of the City of Chicago." See Exhibit A to Plaintiff's Second Motion for Leave to File a First Amended Complaint (emphasis added).

6. The City objects to plaintiff's proposed amended complaint not only because it is an incorrect statement of the City's liability under Monell,[3] but also to the extent plaintiff continues to attempt to pursue claims against other City defendants in this action without providing any additional facts that demonstrate that this allegation has evidentiary support or that plaintiff's counsel believes evidentiary support is likely to be discovered. See Fed. R. Civ. P. 11(b)(3). Without additional facts justifying plaintiff's allegation regarding the inclusion of any "unknown" agents in the amended complaint, the City is not on proper notice of the claims against it. See C. Hastings v. Fidelity Mortgage Decisions Corp., 984 F. Supp. 600, 605 (N.D. Ill. 1997) (stating that pleadings naming unknown parties "must be sufficiently detailed so as to provide notice to opposing parties of the claims against them" and allegations must be "specific enough to permit the identity of the party to be ascertained through reasonable discovery").

---

[3] Plaintiff's assertion in his motion (at ¶ 4) that paragraph 6 of his proposed first amended complaint is a "perfectly accurate statement of the law" is incorrect. Monell does not hold that a municipality is liable as an independent tortfeasor for the constitutional violations of its employees or agents. To the contrary, Monell expressly states that a "municipality cannot be held liable solely because it employs a tortfeasor." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978). Rather, liability attaches to the municipality only when its officers inflict constitutional injury in the execution of a municipality's official policy or custom. Sornberger v. City of Knoxville, Ill., 434 F.3d 1006, 1029 (7th Cir. 2006) (citing Monell, 436 U.S. at 694).

7.    Contrary to plaintiff's intimation, plaintiff "does not have *carte blanche* to amend his complaint whenever and however he wishes." Wilson v. Sundstrand Corp., No. 99 C 6944, 2003 WL 259139, at *5 (N.D. Ill. Feb. 3, 2003). Although Federal Rule of Civil Procedure 15(a) generally provides that leave to amend a complaint shall be freely given, leave "is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." Crest Hill Land Development LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005) citing Foman v. Davis, 371 U.S. 178, 182 (1962). The determination of whether to permit an amendment to a complaint is within the sound discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).

8.    This Court should deny plaintiff leave to file a first amended complaint that includes claims that the City is liable for purported constitutional violations of any unknown defendants, employees or agents of the City on grounds that such amendment is brought in bad faith and prejudices the City. As the evolution of plaintiff's proposed first amended complaint shows, plaintiff has clearly demonstrated an unwavering and unjustified attempt to pursue claims against "unknown" individuals. It is abundantly clear from the complaint that plaintiff was involved in a single incident with three Chicago police officers. Plaintiff's counsel's speculation to this Court that other defendants might be involved is not enough; the United States Supreme Court has expressly stated that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Thus, although the federal pleading rules are liberal, "they do not authorize parties to embark on 'fishing expeditions' in search of possible causes of action." Robinson v. Midlane Club, Inc.,

No. 94 C 1459, 1995 WL 453057, at *8 (N.D. Ill. July 28, 1995) (citing Sprague v. Brook, 149 F.R.D. 575, 577 (N.D. Ill. 1993)).

WHEREFORE, the City respectfully requests that this Court deny plaintiff leave to file a first amended complaint that continues to allege claims against unknown City of Chicago individuals as potential defendants.

Dated: April 29, 2008                                  Respectfully submitted,


                                                 MARA S. GEORGES
                                                 Corporation Counsel of the
                                                 City of Chicago

                                      By:     /s/ Marcela D. Sánchez
                                                 KENNETH C. ROBLING
                                                 MARCELA D. SÁNCHEZ
                                                 Assistants Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, IL 60602
(312) 742-0116/(312) 744-9332