**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS\
EASTERN DIVISION**

ERIC GUTMAN,                              )
                                          )     **No. 08 C 0380**
                    Plaintiff,            )
                                          )     JUDGE DOW
         v.                               )
                                          )     Magistrate Judge Brown
CITY OF CHICAGO, CHICAGO POLICE           )
OFFICERS RICHARD SANABRIA and JOSE        )
MARTINEZ, and CHICAGO POLICE              )     **JURY DEMAND**
SERGEANT PHILIP GRECO, JR.,               )
                                          )
                    Defendants.           )

**INDIVIDUAL DEFENDANTS' JOINT ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Individual Defendants, Chicago Police Officers Richard Sanabria ("Officer Sanabria"), Jose

A. Martinez ("Officer Martinez"), and Philip G. Greco, Jr., ("Sargent Greco") (collectively

hereinafter referred to as "Individual Defendants"), by and through their attorney, Rita Moran,

Assistant Corporation Counsel of the City of Chicago, for their Answers, Defenses, and Jury

Demand to Plaintiff's First Amended Complaint, state as follows:

**Introduction**

1.      This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color
of law of Plaintiff's rights as secured by the United States Constitution.

ANSWER:    Individual Defendants admit the allegations in this paragraph, but deny any

           wrongdoing.

**Jurisdiction and Venue**

2.      This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

ANSWER:    Individual Defendants admit the allegations contained in this paragraph.

3.    Venue is proper as Plaintiff is a resident of this judicial district and Defendant City of Chicago is a municipal corporation located here.  Further, the events giving rise to the claims asserted here all occurred within this district.

ANSWER:    Individual Defendants lack sufficient knowledge or information to form a belief as

to the truth as to whether Plaintiff is a resident of this judicial district.  Individual

Defendants admit the remaining allegations contained in this paragraph.


## Parties

4.    Plaintiff, Eric Gutman, was at all relevant times a citizen of the United States and Chicago, Cook County, Illinois.

ANSWER:    Individual Defendants lack sufficient knowledge or information to form a belief as

to the truth of allegations contained in this paragraph.


5.    Defendants, Officers Sanabria, Martinez and Greco, were and are police employees of the City of Chicago.

ANSWER:    Individual Defendants admit the allegations contained in this paragraph.


6.    Defendant City of Chicago is an Illinois Municipal Corporation, and was and is the employer of Defendants Sanabria, Martinez and Greco.  The City of Chicago is responsible for the acts of Defendants Sanabria, Martinez and Greco while employed by the City of Chicago and while acting within the scope of their employment.  Defendant City of Chicago is also liable as an independent tort feasor pursuant to Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978), for the constitutional violations of Defendants Sanabria, Martinez and Greco, and any as-yet-unknown agents of the City of Chicago.

ANSWER:    Individual Defendants admit they are employees of the City of Chicago, which is an

Illinois Municipal Corporation.  Individual Defendants lack sufficient knowledge or

information to form a belief as to whether Plaintiff has correctly stated the standard

by which the City of Chicago is liable for the acts of its employees.

2

## Factual Allegations

7.     Plaintiff, Eric Gutman, is a 27-year-old physics graduate student at the University of Chicago.  Before moving to Chicago, he received an undergraduate degree from Columbia University in New York, then served in the United States Navy.

ANSWER:     Individual Defendants lack sufficient knowledge or information to form a belief as

to the truth of the allegations in this paragraph.

8.     On or about the evening of October 23, 2007, Mr. Gutman was driving to his friend's house in Chicago's Lakeview neighborhood when he encountered a man standing in the middle of Aldine Street.  The man, who was talking to a driver, was blocking Mr. Gutman's path.

ANSWER:     Individual Defendants lack sufficient knowledge or information to form a belief as

to the truth of the allegations in this paragraph.

9.     After waiting, Mr. Gutman honked his horn in order to alert the man that he could not get by.

ANSWER:     Defendant Greco lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in this paragraph.  Defendants Sanabria and Martinez admit

that they believe it was Plaintiff who was honking his horn.  Defendants Sanabria

and Martinez lack sufficient knowledge or information to form a belief as to the truth

of the remaining allegations in this paragraph.

10.     The man began walking toward Mr. Gutman's car, and at this point Mr. Gutman saw that the man was a uniformed Chicago police officer.

ANSWER:     Defendant Greco lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in this paragraph.  Defendants Sanabria and Martinez admit

that they were in Chicago Police Department uniform that evening of October 23,

2007, and that Officer Sanabria began walking toward Plaintiff's car.  Defendants

Sanabria and Martinez lack sufficient knowledge or information to form a belief as

to the truth of the remaining allegations in this paragraph.


11.     As the Defendant Officer approached, Mr. Gutman rolled down his window.  The officer began to scream profanities at him.

ANSWER:     Defendants Greco and Martinez lacks sufficient knowledge or information to form

a belief as to the truth of the allegations in this paragraph.  Defendant Sanabria

admits he approached Plaintiff's car, but lacks sufficient knowledge or information

as to whether Plaintiff rolled down his window.  Officer Sanabria denies the

remaining allegations.


12.     The officer then told Mr. Gutman that he was investigating a theft.  When Mr. Gutman responded that he had not known that, the officers said, "Well now you fucking know, you asshole."

ANSWER:     Defendants Greco and Martinez lacks sufficient knowledge or information to form

a belief as to the truth of the allegations in this paragraph.  Defendant Sanabria

admits he that he told Plaintiff he was conducting an investigation and additionally

admits Plaintiff said he had not known that.  Defendant Sanabria denies the

remaining allegations contained in this paragraph.


13.     Finally, the officer walked away.  With his way no longer blocked, Mr. Gutman was able to drive down the street.

ANSWER:     Defendants Greco and Martinez lacks sufficient knowledge or information to form

a belief as to the truth of the allegations in this paragraph.  Defendant Sanabria

admits he walked away.  Defendant Sanabria lacks sufficient knowledge or

information to admit or deny the remaining allegations contained in this paragraph.


14.    Mr. Gutman parked his car on a nearby street and walked back to Aldine.  He saw the officer seated in a squad car with another Defendant Officer.  Mr. Gutrnan approached the car and politely asked the officer for his badge number, intending to file a complaint regarding the officer's abusive language.

ANSWER:    Defendant Greco lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in this paragraph.  Defendants Sanabria and Martinez admit

they were seated in a squad car and Plaintiff's approached their car.  Defendants

Sanabria and Martinez deny Plaintiff politely asked for the officers' badge number.

Defendants Sanabria and Martinez lack sufficient knowledge or information to form

a belief as to the truth of the remaining allegations in this paragraph.


15.    To Mr. Gutman's request, the officer responded "are you fucking kidding me?" and rapidly exited his car.  The officer then twisted Mr. Gutman's arms behind his back and tackled him face-first to the ground, where Mr. Gutman's hand was cut on a piece of metal.

ANSWER:    Defendant Greco lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in this paragraph.  Defendants Sanabria and Martinez admit

they rapidly exited their car.  Defendants Sanabria and Martinez lack sufficient

knowledge or information to form a belief as to how Plaintiff's hand got cut.

Defendants Sanabria and Martinez deny the remaining allegations contained in this

paragraph.


16.    The Defendant Officer then handcuffed Mr. Gutman behind his back, yanked him up by the handcuffs, and dragged him into the police car.

5

ANSWER:    Defendant Greco lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in this paragraph.  Defendants Sanabria and Martinez admit

that Plaintiff was handcuffed behind his back and was placed into the police car.

Defendants Sanabria and Martinez deny the remaining allegations contained in this

paragraph.


17.    For approximately one half hour, the officer and his partner kept Mr. Gutman in their squad car, saying nothing to him.  When Mr. Gutman said that he thought his hands were bleeding, the attacking officer looked at his hands and saw that he was cut.  Neither Defendant Officer called for medical attention.

ANSWER:    Defendant Greco lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in this paragraph.  Defendants Sanabria and Martinez admit

that Plaintiff was held in the police car  for less than a half hour and said nothing to

him during that time.  Defendants Sanabria and Martinez admit that Plaintiff brought

to their attention the cut on his hand and that they saw the cut.  Defendants Sanabria

and Martinez admit medical attention was not called because Plaintiff stated he

didn't want medical attention.


18.    Finally, another Defendant Officer, a sergeant, arrived on the scene.  After talking with the officers, he asked Mr. Gutman for his driver's license, and upon learning where Mr. Gutman had moved from, said "we don't do things here like they do in Texas."

ANSWER:    Individual Defendants admit Sgt. Greco did arrive on the scene and spoke to

Defendants Sanabria and Martinez and Plaintiff.  Individual Defendants admit

Plaintiff produced his Texas driver's license when requested.  Defendants Sanabria

and Martinez lack sufficient knowledge or information as to what Sgt. Greco said to

Plaintiff regarding his residency. Sargent Greco denies making the particular

statement Plaintiff alleges in this paragraph.

19.    The sergeant also said to Mr. Gutman words to the effect of, "we'll let you off tonight, but next time you may not be so lucky." After searching Mr. Gutman, the Defendant Officers let him go without citing him with any offense.

ANSWER:    Sargent Greco denies making the particular statement Plaintiff alleges in this

paragraph. Officers Sanabria and Martinez admit they did a protective pat down of

Plaintiff at some point earlier than Sargent Greco's arrival on the scene and admit

Plaintiff was released without citing him with any offense. Defendants Sanabria and

Martinez lack sufficient knowledge or information as to what Sgt. Greco stated to

Plaintiff regarding release.

20.    Mr. Gutman went to a nearby police station, where he told a supervisor about what the officers had done. A police department employee took photos of his injured hands and wrists.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to the truth of the allegations in this paragraph.

21.    Mr. Gutman then went to an emergency room, where he learned that he had two sprained wrists.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to the truth of the allegations in this paragraph.

22.    The next day, Mr. Gutman drove to the Office of Professional Standards ("OPS") headquarters and gave a statement. An investigator told Mr. Gutman that OPS would be able to

identify the officers that day.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to the truth of the allegations in this paragraph.

23.    OPS has never contacted Mr. Gutman about whether they identified the officers, or about the general progress of their investigation.    .

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to the truth of the allegations in this paragraph.

### City of Chicago's Failure to Train, Discipline and Control

24.    The above-described treatment of a civilian by Chicago police is not uncommon in this City.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to the frequency of the above-described treatment of civilians by Chicago Police .

Individual Defendants deny any wrongdoing in this incident.

25.    Municipal policy-makers have long been aware of the City of Chicago's policy and practice of failing to properly train, monitor and discipline its police officers:

a.    Following two high-profile, unjustified police shootings in 1999, the City Council held public hearings. On September 28, 1999, then-Superintendent of the Chicago Police Department Terry Hillard gave a speech highlighting the problems with the City of Chicago's policies and practices relating to the use of force.  Superintendent Hillard specifically noted the need for (1) better in-service training on the use of force; (2) officer accountability for the use of force; and (3) early detection of potential problem officers.

b.    In a review commissioned by the Superintendent, John Marshall Law School found that although the City of Chicago's policies on the use of force were in compliance with the law, more training of police officers was necessary.

8

c.    In January 2000, the Chairman of the Committee on Police and Fire of the Chicago City Council submitted an official resolution that stated: "[Chicago] police officers who do not carry out their responsibilities in a professional manner have ample reason to believe that they will not be held accountable, even in instances of egregious misconduct."

d.    A study performed a year later by the Justice Coalition of Greater Chicago ("JCGC"), made up of more than one hundred community groups, confirmed the City Council resolution. Specifically, the JCGC study concluded that the Chicago Police Department lacked many of the basic tools necessary to identify, monitor, punish and prevent police misconduct. The "JCGC" findings were presented to Mayor Daley, Superintendent Hillard and the Chicago Police Board.

e.    Two years later, Garcia v. City of Chicago. 2003 WL 22175618, *2 (N.D.Il1. Sept. 19, 2003) affirmed that the City's police misconduct investigations were systematically "incomplete, inconsistent, delayed, and slanted in favor of the officers" and as a result, fostered a culture of impunity within the Chicago Police Department.

f.    Indeed, by its own accounting, in 2006 the City of Chicago sustained only two percent of the complaints that civilians brought against police officers for the use of excessive force. An even smaller percentage of officers were actually disciplined for such conduct.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as to what Municipal policy-makers have long been aware of. Individual Defendants deny any wrongdoing in this incident.


26.    Although the City of Chicago has long been aware that its supervision, training and discipline of police officers is entirely inadequate, it has not enacted any measures to address that failure.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as to what the City of Chicago has long been aware of. Individual Defendants deny any wrongdoing in this incident.


27.    In 1996, the City of Chicago intentionally abandoned a program designed to track

9

police officers repeatedly acting in an abusive manner because of opposition by the police union. The City promptly deleted all data contained in the program, including the list of problem officers.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to what the City of Chicago has abandoned regarding tracking police officers.

Individual Defendants deny any wrongdoing in this incident.

28.    In 2000 and 2001, the City continued to refuse to implement a system allowing for detection of repeat police officer offenders, despite the fact that the Commission on Accreditation for Law Enforcement. Agencies adopted a standard mandating such a system for large police departments such as Chicago's.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to what the City of Chicago has refused to implement regarding detection of repeat

police offenders.  Individual Defendants deny any wrongdoing in this incident.

29.    In 2003, although the City of Chicago and the police union negotiated a new contract allowing the Chicago Police Department to use unsustained Office of Professional Standards ("OPS") cases "'to identify patterns of suspected misconduct about which the public and regulatory agencies are so intensely and legitimately concerned," no such pattern analysis has been implemented.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to what the City of Chicago has not implemented regarding pattern analysis.

Individual Defendants deny any wrongdoing in this incident.

30.    Finally, the City of Chicago's training of its officers has not changed since 1999, despite repeated promises by the City and City policymakers for more comprehensive training programs.

ANSWER:    Individual Defendants lack sufficient knowledge and information to form a belief as

to what the City of Chicago's changes regarding police training are. Individual
Defendants admit they have received updated training since 1999. Individual
Defendants deny any wrongdoing in this incident

## COUNT I — 42 U.S.C. § 1983

### Excessive Force

31.    Each Paragraph of this Complaint is incorporated herein.

ANSWER:    Individual Defendants incorporate their answers for each paragraph of this complaint

herein.

32.    As described above, the conduct of one or more of the Defendant Officers constituted
excessive force in violation of the United States Constitution.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

33.    The misconduct described in this Count was objectively unreasonable and was
undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

34.    The misconduct described in this Count was undertaken with malice, willfulness, and
reckless indifference to the rights of others.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

35.    The misconduct described in this Count was undertaken pursuant to the policy and
practice of the City in that:

a.    As a matter of both policy and practice, the City directly encourages, and is thereby

11

the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.     As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.     As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.     City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department.  Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so.

e.     The City of Chicago has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here

ANSWER:    Individual Defendants lack sufficient knowledge or information to answer the

allegations in this paragraph regarding the City of Chicago's policies and practices.

Individual Defendants deny the allegations in this paragraph, including all of its

subparts, to the extent they are directed at the Individual Defendants.


36.    As a result of the Defendant Officers' unjustified and excessive use of force and the City's policy and practice, Plaintiff has suffered injury, including emotional distress.

ANSWER:    Individual Defendants lack sufficient knowledge or information to answer the

allegations in this paragraph regarding the City of Chicago's policies and practices.

Individual Defendants deny the allegations in this paragraph to the extent they are

directed at the Individual Defendants.   Individual Defendants lack sufficient

12

knowledge or information to admit or deny what Plaintiff's injuries are.

37.    The misconduct described in this Count and the following counts was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

ANSWER:    Individual Defendants admit that they were acting within the scope of their

employment and under color of law that evening.  Individual Defendants deny they

committed any of the misconduct described.  Individual Defendants lack sufficient

knowledge or information to admit or deny the City's liability for their actions.

WHEREFORE, the Individual Defendants pray that this Court enter judgment in their favor

on Plaintiff's Complaint, award them costs and fees as allowed by law, and grant such further relief

as this Court deems just and proper.

## COUNT II -- 42 U.S.C. § 1983

## Unlawful Detention

38.    Each Paragraph of this Complaint is incorporated herein.

ANSWER:    Individual Defendants incorporate their answers for each paragraph of this complaint

herein.

39.    As described above, the Defendant Officers unlawfully detained Plaintiff without justification and without probable cause.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

13

40.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.


41.    As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

ANSWER:    Individual Defendants lack sufficient knowledge or information to answer the

allegations in this paragraph regarding the City of Chicago's policies and practices.

Individual Defendants deny the allegations in this paragraph to the extent they are

directed at the Individual Defendants.    Individual Defendants lack sufficient

knowledge or information to admit or deny what Plaintiff's injuries are.


WHEREFORE, the Individual Defendants pray that this Court enter judgment in their favor

on Plaintiff's Complaint, award them costs and fees as allowed by law, and grant such further relief

as this Court deems just and proper.


## COUNT III – 42 U.S.C. § 1983

### Unreasonable Search and Seizure

42.    Each Paragraph of this Complaint is incorporated herein.

ANSWER:    Individual Defendants incorporate their answers for each paragraph of this complaint

herein.


43.    As described above, Plaintiff was searched by one or more of the Defendant Officers

in a manner which violated the Fourth Amendment.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.


44.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.


45.    As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

ANSWER:    Individual Defendants lack sufficient knowledge or information to answer the

allegations in this paragraph regarding the City of Chicago's policies and practices.

Individual Defendants deny the allegations in this paragraph to the extent they are

directed at the Individual Defendants.   Individual Defendants lack sufficient

knowledge or information to admit or deny what Plaintiff's injuries are.


WHEREFORE, the Individual Defendants pray that this Court enter judgment in their favor

on Plaintiff's Complaint, award them costs and fees as allowed by law, and grant such further relief

as this Court deems just and proper.


### COUNT IV –  42 U.S.C. § 1983

### <u>Failure to Intervene</u>

46.    Each Paragraph of this Complaint is incorporated herein.

ANSWER:    Individual Defendants incorporate their answers for each paragraph of this complaint

herein.


47.    As described more fully above, one or more Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they

been so inclined, but failed to do so.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

48.    Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

49.    As a result of Defendant Officers' failure to intervene, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

ANSWER:    Individual Defendants lack sufficient knowledge or information to answer the

allegations in this paragraph regarding the City of Chicago's policies and practices.

Individual Defendants deny the allegations in this paragraph to the extent they are

directed at the Individual Defendants.    Individual Defendants lack sufficient

knowledge or information to admit or deny what Plaintiff's injuries are.

WHEREFORE, the Individual Defendants pray that this Court enter judgment in their favor

on Plaintiff's Complaint, award them costs and fees as allowed by law, and grant such further relief

as this Court deems just and proper.

## COUNT V -  State Law Claim

### Assault and Battery

50.    Each Paragraph of this Complaint is incorporated herein.

ANSWER:    Individual Defendants incorporate their answers for each paragraph of this complaint

herein.

51.    As described in the preceding paragraphs, the conduct of one or more Defendant Officers, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Mr. Gutman's bodily injuries.

ANSWER:    Individual Defendants admit that they were acting within the scope of their employment and under color of law that evening.  Individual Defendants deny they committed any of the misconduct described.  Individual Defendants lack sufficient knowledge or information to admit or deny what proximately caused Plaintiff's bodily injuries.

52.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Gutman's constitutional rights.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

53.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference, to the rights of others.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

54.    As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Mr. Gutman sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

ANSWER:    Individual Defendants lack sufficient knowledge or information to answer the allegations in this paragraph regarding the City of Chicago's policies and practices.  Individual Defendants deny the allegations in this paragraph to the extent they are directed at the Individual Defendants.  Individual Defendants lack sufficient knowledge or information to admit or deny what Plaintiff's injuries are.

WHEREFORE, the Individual Defendants pray that this Court enter judgment in their favor

17

on Plaintiff's Complaint, award them costs and fees as allowed by law, and grant such further relief

as this Court deems just and proper.

## COUNT VI -  State Law Claim

### False Imprisonment

55.    Each Paragraph of this Complaint is incorporated herein.

ANSWER:    Individual Defendants incorporate their answers for each paragraph of this complaint

herein.

56.    Mr. Gutman was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers', knowledge that there was no probable cause for doing so.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

57.    Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Mr. Gutman's constitutional rights and to the rights of others.

ANSWER:    Individual Defendants deny the allegations contained in this paragraph.

58.    As a result of the above-described wrongful infringement of Mr. Gutman's rights, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

ANSWER:    Individual Defendants lack sufficient knowledge or information to answer the

allegations in this paragraph regarding the City of Chicago's policies and practices.

Individual Defendants deny the allegations in this paragraph to the extent they are

directed at the Individual Defendants.    Individual Defendants lack sufficient

knowledge or information to admit or deny what Plaintiff's injuries are.

WHEREFORE, the Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's Complaint, award them costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT VII - State Law Claim

### Respondeat Superior

59.    Each Paragraph of this Complaint is incorporated herein.

ANSWER:    Individual Defendants incorporate their answers for each paragraph of this complaint

herein.

60.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

ANSWER:    Individual Defendants admit the allegations contained in this paragraph but deny any

wrongdoing.

61.    Defendant City of Chicago is liable as principal for all torts committed by its agents.

ANSWER:    Individual Defendants lack sufficient knowledge or information to admit or deny the

liability of the City regarding its employees.

WHEREFORE, the Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's Complaint, award them costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT VIII — State Law Claim

### Indemnification

19

62.    Each Paragraph of this Complaint is incorporated herein.

ANSWER:    Individual Defendants incorporate their answers for each paragraph of this complaint

herein.

63.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

ANSWER:    Individual Defendants lack sufficient knowledge or information to admit or deny the

liability of the City regarding its employees.

64.  The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

ANSWER:    Individual Defendants admit the allegations contained in this paragraph but deny any

wrongdoing.

WHEREFORE, the Individual Defendants pray that this Court enter judgment in their favor

on Plaintiff's Complaint, award them costs and fees as allowed by law, and grant such further relief

as this Court deems just and proper.

## Affirmative Defenses

1.    Individual Defendants are entitled to qualified immunity.  They are governmental

officers who perform discretionary functions.  At all times material to the events alleged

in plaintiffs' complaint, a reasonable police officer objectively viewing the facts and

circumstance that confronted the defendant police officers, could have believed his

actions to be lawful, in light of clearly established law and the information the defendant

possessed.

2.    Under Section 201 of the Local Government and Governmental Employee Tort

Immunity Act ("Tort Immunity Act"), Individual Defendants are not liable for injuries

arising out of the exercise of discretionary acts.  745 ILCS 10/2-201 (2007).

3.    Under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims

alleged because public employees are not liable for their acts or omission in the

execution or enforcement of any law, unless such acts or omissions constitute willful and

wanton conduct.  745 ILCS 10/2-202 (2007).

4.    Except as otherwise provided by statute, a public employee acting within the scope of his

employment is not liable for an injury caused by the act or omission of another person.

745 ILCS 10/2-204 (2007).

5.    Under Illinois Tort Immunity law, defendant is not liable for injury allegedly caused by

the instituting or prosecuting any judicial or administrative proceeding within the scope

of her employment, unless he acted maliciously and without probable cause.  745 ILCS

10/2-208 (2007).

6.    Where defendants may be liable in damages, the amount of damages to which plaintiff

would otherwise be entitled must be reduced by application of the principles of

comparative fault, in proportion to the amount of the intentional, wilful and wanton and

negligent conduct of each plaintiff, which was the proximate cause of their injuries and

damages.

9.    An award of punitive damages would deprive defendant of due process of law in

violation of the Fifth and Fourteenth Amendments to the United States Constitution

where the award of punitive damages is unreasonable and disproportionate to the amount

of harm to the plaintiffs and to the actual damages recovered.

10.   To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any

verdict or judgment obtained by plaintiff must be reduced by application of the principal

was probable that plaintiff had a duty to mitigate his claimed injuries and damages,

commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in

this case.

**JURY DEMAND**

Individual Defendants request trial by jury.

Respectfully submitted,

<div style="margin-left:40%">

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    /s/ Rita Moran_____
RITA C. MORAN
Assistant Corporation Counsel

</div>

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-4939 Ofc.
(312) 744-3989 Fax
Attorney No.  06270301